BRANDON A. THOMAS,

       Plaintiff,

v.                                         Case No. 20-cv-804-pp

KYLE TRITT, *et al.*,

       Defendant.

**ORDER DIRECTING PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT DEFENDANTS' MOTION TO STAY (DKT. NO. 18)**

       On May 28, 2020, plaintiff Brandon A. Thomas, then an inmate at Waupun Correctional Institution, brought a lawsuit under 42 U.S.C. §1983. Dkt. No. 1. Before the court screened the complaint, the plaintiff moved to supplement it, dkt. no. 7, and to file an amended complaint, dkt. no. 8. The plaintiff was still at Waupun when he filed those motions. On September 8, 2020, the court received a change of address notice from the plaintiff, indicating that he had been released from prison and providing his new address in Kenosha, Wisconsin. Dkt. No. 9. On November 18, 2020, the court screened the complaint and ordered service on the defendants. Dkt. No. 10. The court mailed the screening order to the plaintiff at the address he provided the court in his September letter

       On December 3, 2020, the defendants accepted service, dkt. no. 13, counsel for the defendants entered his appearance, dkt. no. 12, and the

1

defendants moved for summary judgment on exhaustion grounds, dkt. no. 14. With the summary judgment motion, the defendants included a copy of relevant federal and local court rules, including Civil Local Rule 56. Dkt. No. 14 at 3–11. Civil Local Rule 56 (E.D. Wis.) provides, among other things, that a party opposing a motion for summary judgment must file his response to the motion "within 30 days of service of the motion." Id. at 9 (Civil L.R. 56(b)(2)). The defendants also included a copy of Civil L.R. 7, which provides that a party's "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Id. at 5 (Civil L.R. 7(d)). The defendants filed a certificate of service attesting that on December 3, 2020, they mailed all these documents to the plaintiff at 6823 27th Avenue, Kenosha, WI 53143. Dkt. No. 12-1. This is the address the plaintiff provided the court in the letter it received on September 8, 2020.

Because the defendants filed their motion for summary judgment on December 3, 2020, the plaintiff's response was due January 4, 2021. See Federal Rule of Civil Procedure 6(a)(1)(C). The court has not received a response from the plaintiff. On January 5, 2021, the defendants filed a "Notice of Non-Opposition." Dkt. No. 19. The notice notes the plaintiff's failure to respond within the thirty-day deadline and asks the court to grant the defendants' motion for summary judgment and dismiss the case without prejudice. Id. The notice includes a certificate of service showing that the defendants mailed it to the plaintiff at the 27th Avenue address. Dkt. No. 19-1.

The deadline for the plaintiff to respond to the summary judgment motion has passed. It appears that the plaintiff has chosen not to respond to the motion. Because the plaintiff is representing himself, however, the court will give him an additional opportunity to file a document opposing the defendants' motion for summary judgment. The court will include with this order a copy of that motion. If the plaintiff disagrees with the defendants, and believes that he has exhausted his remedies, he must file a response explaining why he believes the defendants are wrong. He must file that response in time for the court to *receive* it by the deadline the court sets below. If the court does not receive a response by the deadline below, the court will grant the defendants' motion and will dismiss the case for the plaintiff's failure to exhaust his administrative remedies.

On December 3, 2020, the court received from the defendants a motion asking the court to stay the deadline for the defendants to answer the complaint until it could resolve their summary judgment motion. Dkt. No. 18. The court did not address this motion immediately and on January 12, 2021, the defendants answered the complaint. Dkt. No. 20. The court will deny the motion as moot. The court notes that a motion to dismiss for failure to exhaust is similar to a motion to dismiss for lack of jurisdiction, which can be filed in lieu of an answer under Fed. R. Civ. P. 12(b).

The court **ORDERS** that if the plaintiff wishes to oppose the defendants' motion for summary judgment, he must file his opposition in time for the court to *receive* it by the end of the day on **March 5, 2021**. If the court does not

receive the plaintiff's opposition by the end of the day on March 5, 2021, the court will grant the defendants' motion and dismiss the case for failure to exhaust.

The court **DENIES AS MOOT** the defendants' motion to stay the deadline for answering the complaint. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 21st day of January, 2021.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**