UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON A. THOMAS,

        Plaintiff,

v.

        Case No. 20-cv-804-pp

KYLE TRITT, *et al.*,

        Defendant.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 15)**

The court allowed the plaintiff to proceed on claims that defendants Tritt and Birdyshaw violated his Eighth Amendment rights when they maliciously and sadistically used chemical agents on him; that defendants Tritt, Birdyshaw, Rosenthal, Hasleau, Bankurst, Bernal, Eckl and Cantu were deliberately indifferent to his serious medical needs when they refused to let him shower and ignored his breathing troubles; that defendants Birdyshaw, Bankhurst, Bernal and Tritt violated his Fourth and Eighth Amendment rights by strip-searching him in front of female officers who filmed the search; and that defendants Birdshaw and Rosenthal violated his Eighth Amendment rights by not allowing him to clean himself off and leaving him in a cell without clothes or a blanket for eight hours. Dkt. No. 10.

On December 3, 2020, the defendants filed a motion for summary judgment, arguing that the plaintiff had not exhausted his administrative remedies before filing this lawsuit. Dkt. No. 14. The defendants explained that

1

the plaintiff had filed only one inmate complaint relevant to his claims, and that that complaint mentioned only the strip search, not any of the other issues. Dkt. No. 15 at 4. They also argue that the complaint about the strip search was dismissed, and the appeal was rejected because it did not comply with the length requirements. Id. Finally, they argued that the plaintiff filed this suit prematurely, because the Secretary of the Department of Corrections did not reject the appeal of the denial of the grievance until over a month after the plaintiff sued in federal court. Id.

The plaintiff's opposition to the motion for summary judgment was due within thirty days of the December 3, 2020 motion—that is, by January 4, 2021. Dkt. No. 21 at 2. The court did not receive anything from the plaintiff by that date. On January 5, 2021, the defendants asked the court to dismiss the case without prejudice for the plaintiff's failure to respond. Dkt. No. 19. The court, concerned that the plaintiff may have missed the deadline because he is representing himself, gave him another opportunity to respond to the motion for summary judgment. On January 21, 2021, the court ordered that the plaintiff must file his opposition to the motion for summary judgment in time for the court to *receive* it by the end of the day on March 5, 2021. Dkt. No. 21 at 3-4.

That deadline has passed and the court has not received a response from the plaintiff. In fact, the court has not heard from the plaintiff since September 8, 2020—six months ago—when it received his notice of change of address. Dkt. No. 9. The court mailed its January 21, 2021 order to the address the

plaintiff gave the court; it was not returned as undeliverable. Because the plaintiff has had two chances to respond to the defendants' motion for summary judgment and has not done so, the court concludes that he does not oppose the motion.

The January 21, 2021 order warned the plaintiff that if the court did not receive his response by March 5, 2021, it would grant the defendants' motion and dismiss the case for failure to exhaust. Dkt. No. 21 at 4. The court has reviewed the defendants' motion. They attached to the motion the plaintiff's inmate complaint history from July 2019 through May 27, 2020; it shows only one complaint regarding the May 1, 2020 incident. Dkt. No. 17-1 at 1. They also attached that complaint—Inmate Complaint WCI-2020-7930, received by the institution complaint examiner May 7, 2020. Dkt. No. 17-2 at 10. The complaint indicated that the incident occurred on May 1, 2020, and described it as follows:

> The details surrounding this complaint is involving C. Birdshaw, Capt. Tritt and two female officers CO Barkhurst and CO Bernel. On 5-1-20 Capt. Tritt assembled a team consisting of CO Rosenthal, CO Eckl, CO Birdyshaw, CO Barkhurst and CO Cantu to extract me from my cell location C213, during this extraction I was then escorted to RHU—strip cage 1# where I was then handcuffed to a teather attached to the strip cage door and then my clothes were removed from me from CO Birdyshaw intill I was completely naked during this strip search female CO Barkhurst was 4 feet away from me observing me naked and in the back of me was CO Bernel videoing the strip search being conducted were I was also completely naked remind you CO Bernel was about 5 feet in back of me videoing the entire footage. At that time while the strip search was being conducted i was continued to be humiliated watched and observed be female CO Barkhurst and female CO Bernel while CO Birdyshaw used his hand to separate my buttocks, and seperate my penis from my scrotum. This violated my privacy and humiliated in front of two female officers that were not suppose to be present during this strip

3

> search. This is all on video the extraction the strip search and the incident report will state who was present and BWC's bodywatch cams will show CO Bernel holding a video camera videoing the whole incident and the strip search that was conducted. Also RHU housing camera footage will also support all the facts of this complaint. There is procedural rules and policy and regulations clearly outlining female staff or female correctional officers are not allowed to take part in male inmate strip searches or neither be present or correctional officers are not allowed to expose the nakedness of inmates body or body parts such as buttocks, or other body privacy parts.

Id. at 10-11.

"[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). An inmate must file separate grievances if the underlying facts or complaints are different. Waldrop v. Wexford Health Sources, Inc., 646 F. App'x 486, 490 (7th Cir. 2016). The plaintiff did not allege in this inmate complaint that he was sprayed with chemical agents, or that he was denied a shower, or that the defendants ignored his difficulties breathing, or that he was put in a cell with no clothes or blanket. The court agrees with the defendants that the plaintiff did not exhaust his remedies on these issues, because he did not either mention them in Inmate Complaint WCI-2020-7930 or file a separate complaint about them.

Regarding the one issue the plaintiff *did raise* in complaint WCI-2020-7930—the issue of the strip-search video recorded by female officers—inmate complaint examiner Muenchow recommended dismissal of the complaint on May 21, 2020. Dkt. No. 17-2 at 2. The warden dismissed the complaint on May

4

22, 2020. Id. at 3. The inmate filed an appeal, received by the inmate complaint examiner's office on June 1, 2020. Id. at 17. Under Wis. Admin. DOC §310.12(1), this appeal was timely, because the plaintiff filed it within fourteen days of the date the warden dismissed the complaint. But Wis. Admin. Code DOC § 120.09(2)(e) says that an appeal may "[n]ot exceed 500 words total and not exceed two pages." The plaintiff's appeal consisted of three and a half hand-written pages and over six hundred words. Dkt. No. 17-2 at 17-23. On July 6, 2020, inmate complaint examiner Hompe recommended dismissal of the appeal for failure to comply with §310.09(2). Id. at 5. On July 8, 2020, the Secretary of the Department of Corrections dismissed the appeal for that same reason. Id. at 6.

"To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim." Pozo v. McCaughtrey, 286 F. 3d 1022, 1025 (7th Cir. 2002). Arguably, the plaintiff did not exhaust the administrative appeal process because he did not follow the rules for filing an appeal, depriving the prison authorities of the ability to review the merits of his appeal. But more to the point, the plaintiff jumped the gun in filing this federal lawsuit. The plaintiff filed his complaint on May 28, 2020. Dkt. No. 1. The Secretary of the DOC did not dismiss his complaint until July 8, 2020—almost forty-five days *after* the plaintiff filed his federal lawsuit. Full exhaustion is "a precondition to *suit*." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999).

The defendants are correct that the plaintiff did not exhaust his administrative remedies before filing this lawsuit, and the plaintiff has not argued otherwise. The defendants ask the court to dismiss without prejudice, dkt. no. 15 at 4; this is the appropriate result. <u>See</u> <u>Chambers v. Sood</u>, 956 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting administrative remedies.")

The court **GRANTS** the defendants' unopposed motion to dismiss for failure to exhaust administrative remedies. Dkt. No. 14.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of March, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**