UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON A. THOMAS,

        Plaintiff,

v.                                          Case No. 20-cv-804-pp

KYLE TRITT, *et al.*,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN (DKT. NO. 26)

On March 8, 2021, the court granted the defendants' unopposed motion to dismiss for failure to exhaust administrative remedies and dismissed this case without prejudice. Dkt. No. 23. The court recounted the reasons the motion was unopposed:

> The plaintiff's opposition to the motion for summary judgment was due within thirty days of the December 3, 2020 motion—that is, by January 4, 2021. Dkt. No. 21 at 2. The court did not receive anything from the plaintiff by that date. On January 5, 2021, the defendants asked the court to dismiss the case without prejudice for the plaintiff's failure to respond. Dkt. No. 19. The court, concerned that the plaintiff may have missed the deadline because he is representing himself, gave him another opportunity to respond to the motion for summary judgment. On January 21, 2021, the court ordered that the plaintiff must file his opposition to the motion for summary judgment in time for the court to receive it by the end of the day on March 5, 2021. Dkt. No. 21 at 3-4.

> That deadline has passed and the court has not received a response from the plaintiff. In fact, the court has not heard from the plaintiff since September 8, 2020—six months ago—when it received his notice of change of address. Dkt. No. 9. The court mailed its January 21, 2021 order to the address the plaintiff gave the court; it was not returned as undeliverable. Because the plaintiff has had two chances to respond to the defendants' motion for summary

> judgment and has not done so, the court concludes that he does not oppose the motion.

Id. at 2–3. The court agreed with the defendants that the plaintiff had not exhausted his administrative remedies before filing this lawsuit, and the plaintiff had not argued otherwise. Id. at 6. The court explained that the proper result was to dismiss the lawsuit without prejudice and allow the plaintiff to file a new lawsuit after he had fully exhausted his administrative remedies.[1] Id. (citing Chambers v. Sood, 956 F.3d 979, 984 (7th Cir. 2020)).

On January 11, 2023, the court received the plaintiff's motion to reopen this case. Dkt. No. 26. The plaintiff says he did not respond to the defendants' motion for summary judgment because he "did not reside at last known address and no forwarding address was assigned for plaintiff to intercept or rec[ei]ve mail that was addressed to plaintiff." Id. at 2. He says he was released from Waupun Correctional Institution on September 22, 2020, and he provided the court the address where he "was residing and able to rec[ei]ve any formal mail address[ed] to him that was deliverable." Id. The plaintiff says he underwent an "unknown change of address" sometime between December 3, 2020 (when the defendants filed their motion for summary judgment) and March 8, 2021 (when the court entered its order dismissing this case)[2]. Id. at 3.

---

[1] The court dismissed another of the plaintiff's lawsuits after he failed to respond to the defendants' motion for summary judgment and failed to provide a correct address, and the court concluded he had again "abandoned the litigation partway through." Case No. 20-cv-219-pp, Dkt. No. 33 at 5 (dismissal order dated Dec. 31, 2021).

[2] The plaintiff incorrectly lists March 5, 2021, as the date the court dismissed this case and entered judgment. Dkt. No. 26 at 3.

2

He says he did not receive the mail sent to his previous address, so he was not able to respond to the defendants' motion. Id.

The plaintiff separately asserts that he exhausted his administrative remedies by filing a complaint before bringing this lawsuit; he says a complaint examiner dismissed the complaint, he appealed and the complaint examiner's office received his appeal on June 1, 2020. Id. He does not say whether the appeal was resolved. But he says his appeal was timely because he filed it within fourteen days after the warden dismissed his complaint. Id. He asks that the court "analyze under the scope of discretion to determ [sic] the understanding of whats certain factors to institution complaint process and plaintiff's exuastion [sic] opp[o]rtunities." Id. at 4. He maintains that he had no opportunity "to refile nor seek any other remedies to" exhaust after his release from Waupun and before the defendants moved for summary judgment. Id.

The plaintiff says he now is back at Waupun and has been able to "reexust his admistrative [sic] remedies again on the subject of the matter." Id. He says that on November 9 and 10, 2022, he "refiled a[n] inmate complaint relevant to the original complaint," which he says exhausted his administrative remedies. Id. The plaintiff asks the court to exercise its discretion to reopen this case and allow him to proceed. Id. at 5.

The defendants oppose the motion. Dkt. No. 29. The defendants note that the plaintiff has not provided any authority for his motion, but they contend it could fall only under Federal Rule of Civil Procedure 60(b). Id. at 1. They assert that under Rule 60(b), the motion is untimely because the plaintiff

did not file it within a year of the judgment—by March 8, 2022. Id. at 1–2 (citing Fed. R. Civ. P. 60(c)(1)). The defendants alternatively assert that the plaintiff has not provided a proper ground for relief from the judgment. Id. at 2. They contend that the plaintiff has not explained why he failed to notify the court when his address changed again or why he did not request a status update from the court sooner. Id. The defendants also assert that even if the plaintiff is correct that he has since exhausted his administrative remedies, his proper recourse is to file a new lawsuit asserting those exhausted claims, not to reopen this case. Id.

The defendants are correct that the plaintiff has not stated a legal basis for his motion. Because the judgment was entered more than twenty-eight days ago (the deadline for filing a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e)), the court construes the motion as if brought under Federal Rule Civil Procedure 60(b). See Stevenson v. Elite Staffing, Inc., No. 21-cv-1072, 2022 WL 17811587, at *2 (E.D. Wis. Dec. 19, 2022) (quoting Williams v. Illinois, 737 F.3d 473, 475 (7th Cir. 2013)) (explaining that under Seventh Circuit law, "'any . . . motion for reconsideration filed after the [twenty-eight day] deadline [in Rule 59(e)] must be construed as a motion to vacate' under Rule 60(b)"). Rule 60(b) provides that the court may relieve a party from a final judgment, order or proceeding for several reasons including "mistake, inadvertence, surprise, or excusable neglect;" newly discovered evidence; fraud, misrepresentation or misconduct by an opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3) & (6). Relief under any

4
Case 2:20-cv-00804-PP   Filed 06/11/23   Page 4 of 8   Document 33

subsection of Rule 60(b) "is an extraordinary remedy granted only in exceptional circumstances." Rodriguez v. Plymouth Ambulance Serv., No. 06-cv-1091, 2007 WL 9730284, at *1 (E.D. Wis. Jan. 8, 2007) (citing Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006), and Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff has not described exceptional circumstances that warrant the court vacating the judgment and reopening this case. The court advised the plaintiff as early as the November 18, 2020 screening order "that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice." Dkt. No. 10 at 21. The plaintiff appeared to fulfill that responsibility when he filed his September 8, 2020 notice of change of address. Dkt. No. 9. The court sent orders to the plaintiff at the address he provided, and the defendants sent their summary judgment materials there. Dkt. No. 23 at 1–3. None of those orders were returned to the court as undeliverable. Id. at 2–3. If the plaintiff's address changed again at *any time*—even after the defendants filed their motion for summary judgment—it remained his responsibility to advise the court of his new address so the court would know where to send orders, and so the defendants would know where to send documents. The plaintiff failed to do so and says he did not receive the defendant's motion or the court's orders at the address he provided in

September 2020. His failure to fulfill his responsibility to keep the court updated about his address is not a ground for reopening the case.

The plaintiff also has not explained why he waited over *two years* from the time the defendants filed their motion for summary judgment to ask the court for a status update. The court advised the plaintiff in the screening order that he also has a responsibility to diligently prosecute the case, and the court warned him that it "may dismiss the case based on his failure to diligently pursue it." Dkt. No. 10 at 21. But as the court noted in the previous order, the last time the plaintiff contacted the court was September 8, 2020, when the court received his notice of change of address. Dkt. No. 23 at 2. The plaintiff's failure to contact the court at any time during the last two and a half years does not demonstrate diligent prosecution of this lawsuit. The court could have dismissed this case *with or without prejudice* for the plaintiff's failure to fulfill that responsibility. See Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

Even if the court were to overlook those failures, the defendants are correct that the plaintiff's motion is untimely. Federal Rule of Civil Procedure 60(c)(1) provides that, "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The plaintiff's motion does not satisfy Rule 60(b)(1) through (3); it most closely falls under the catch-all provision of Rule 60(b)(6), which allows a motion to be

made for "any other reason that justifies relief." The one-year time limit does not apply to Rule 60(b)(6). But for the reasons just explained, the court finds that the plaintiff did not file his motion "within a reasonable time;" he waited nearly two years after judgment was entered—and much longer since his last action in the case—before filing his motion. See Braun v. Vill. of Palatine, 56 F.4th 542, 554 (7th Cir. 2022) (noting that plaintiff's motion under Rule 60(b)(6) "coming fifteen months after the dismissal order, was hardly filed 'within a reasonable time'"); Smith v. United States Cong., No. 19-cv-1001-pp, 2022 WL 3369600, at *2 (E.D. Wis. Aug. 16, 2022) ("Two and a half years is not a 'reasonable time' within which to file a second motion to reconsider . . . .").

Finally, the plaintiff asserts that he now has exhausted his administrative remedies for the claims in this case by filing another administrative complaint about the issues in November 2022. The plaintiff's §1983 complaint alleged violations of his rights based on events that allegedly occurred in May 2020. Dkt. No. 10 at 7. Incarcerated persons must file administrative complaints about prison conditions within fourteen calendar days of the incident. Wis. Admin. Code §DOC 310.07(2). The plaintiff's November 2022 complaint—filed over two and a half years later—would not be timely for the May 2020 events, and it is likely a complaint examiner would reject it for that reason. See id. §§DOC 310.07(2), 310.10(2). A complaint that is rejected for procedural reasons, including its untimeliness, does not exhaust the incarcerated person's administrative remedies. See Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025

(7th Cir. 2002)). It is therefore unlikely the plaintiff's latest efforts to exhaust his administrative remedies accomplished that goal.

Whether the plaintiff properly has exhausted his administrative remedies related to his May 2020 claim is no longer at issue. The court previously concluded that the plaintiff did not exhaust his administrative remedies before filing this lawsuit. Dkt. No. 23 at 6. As the court explained, "'A premature lawsuit must be dismissed without prejudice, *and the prisoner must file a new suit after fully exhausting administrative remedies.*'" Id. (quoting Chambers, 956 F.3d at 984 (emphasis added)). If the plaintiff wants to proceed on his claims related to the May 2020 events, his recourse remains to file a new lawsuit about those events. If he decides to do so, he will be required to pay a new filing fee.[3]

The court **DENIES** the plaintiff's motion to reopen the case. Dkt. No. 26.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[3] The court notes that litigants must bring §1983 cases arising in Wisconsin after April 5, 2018 within three years from the date of the incident. See Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing 2017 Wis. Act 235).

8
Case 2:20-cv-00804-PP   Filed 06/11/23   Page 8 of 8   Document 33